## BREWER v. CITY OF DETROIT

NEGLIGENCE—ICY CONDITIONS—BUS STOP.

Judgment of no cause of action in an action to recover damages for injuries sustained in fall at defendant city's bus stop *held*, proper even though the bus driver should have known of generally icy conditions, where there was no evidence of a safer alternative than to leave plaintiff at the bus stop.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 June 12, 1969, at Detroit. (Docket No. 6,329.) Decided August 25, 1969. Rehearing denied October 15, 1969.

Complaint by Darrin Brewer, administrator of the estate of Stella Ales, deceased, and Thomas Ales against the City of Detroit, Department of Street Railways, for damages arising from injuries sustained by Stella Ales in a fall at defendant's coach stop. Judgment of no cause of action. Plaintiff appeals. Affirmed.

*Leven & Logan,* for plaintiffs.

*Manuel Zechman,* General Counsel, and *Michael F. Peters* and *Benjamin Kinzer,* for defendant.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE

38 Am Jur, Negligence § 23.

PER CURIAM. As this case has already been before our Court, we may dispense with any statement of facts, since they are very adequately set forth in *Brewer* v. *City of Detroit* (1968), 11 Mich App 465.

At the time of the aforementioned appeal, the case was remanded to the trial court for further findings of fact to determine what the bus driver "should have known" in determining compliance with the requisite standard of care, and specifically:

"In applying the standard set out in *Jaxon,** supra,* to the facts present in the instant case, it would be necessary to determine as a matter of fact whether the unidentified bus driver acted 'in the premises as a reasonably prudent man under the same or similar circumstances'—*viz.,* icy, slippery conditions present at the bus stop as testified to by Mr. and Mrs. Ales' testimony which was in no way contradicted or disputed." (11 Mich App 465, 468)

On July 1, 1968, following a hearing, the trial court reaffirmed its previous decision of no cause of action for plaintiff and the absence of negligence on the part of defendant and set forth further findings of fact as ordered. On July 20, 1968, plaintiff filed a motion for new trial pursuant to GCR 1963, 527.1. The motion was subsequently denied by an order dated September 20, 1968. It is from this order that plaintiff brings this appeal.

The only issue with which we are concerned, or which has any merit on this appeal, is whether the findings of fact and conclusions of law made by the trial court and dated July 1, 1968, are proper and in compliance with the order set forth in the original *Brewer Case.*

It is the opinion of this Court that the trial court, on remand, complied with *Brewer* v. *City of Detroit,*

---

* *Jaxon* v. *City of Detroit, Department of Street Railways* (1967), 379 Mich 405.

directing it to make further findings of fact regarding the specific matters mentioned. The trial court clearly found and specifically stated in its opinion:

"Therefore, taking into consideration the aforementioned circumstances, *viz.*, icy, slippery conditions generally prevalent in a widespread area, as well as at the bus stop, this court would determine that the bus driver acted in the premises as a reasonably prudent man under the same or similar conditions."

It was found that the bus driver should have known of the generally icy conditions and that these hazardous conditions existed all over. There was no evidence of a safer alternative and under the circumstances the onus of negligence could not be placed on defendant. It is evident that these findings are in accord with the order on remand. The evidence adduced adequately supports the findings and decision of the trial court.

We therefore hold that there are sufficient findings of fact to justify a conclusion that defendant's driver should have known of the icy conditions throughout the city of Detroit on the date of the accident and because of plaintiff's failure to prove the existence of a safer alternative, the driver acted in the premises as a reasonably prudent man would have acted under the same or similar circumstances and has thus satisfied the duty of care as outlined in *Jaxon* v. *City of Detroit, supra.*

Affirmed. Costs to appellees.