GULFPORT & MISSISSIPPI COAST TRACTION CO. *v.* RAYMOND.

(Division B. May 19, 1930.)

[128 So. 327. No. 28678.]

Ford, White, Graham & Gautier, of Gulfport, and Baskin, Wilbourn & Miller, of Meridian, for appellant.

F. W. Elmer, Jr., of Biloxi, and Mize, Mize & Thompson, of Gulfport, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Harrison county to recover damages for an injury received by her while a passenger on one of appellant's street cars, which injury appellee alleged was caused by the negligence of appellant's motorman in operating the street car. There was a trial, resulting in a verdict and judgment in favor of appellee in the sum of one thousand five hundred dollars, from which judgment appellant prosecutes this appeal.

The errors assigned and argued are based on instructions refused appellant, and instructions granted appellee.

The following is deemed a sufficient statement of the case to develop the questions to be decided: East Howard avenue, in the city of Biloxi, runs east and west, and Holly street runs north and south. Appellee's home was near the northwest corner of the intersection of those streets. Appellee was injured about five-thirty in the afternoon. She was traveling east on Howard avenue on one of appellant's street cars, going to her home. Automobile traffic on East Howard avenue is always heavy. The street car on which appellee was traveling was what is known as a one-man car; the motorman acts as both conductor and motorman. There were other passengers on the car besides appellee. Appellee and the motorman knew each other. As the car approached Holly street, appellee rang the bell in ample time to give the

motorman notice that she desired to get off at her home near the northwest corner of the intersection of East Howard avenue and Holly street.

Appellee testified that the car stopped at its usual stopping place for passengers alighting near the north-west corner of the intersection of those streets; that as soon as the car stopped she arose from her seat, and proceeded to the front for the purpose of alighting; that another passenger preceded her, and while this passenger was alighting, appellee was standing with her hand on the door, ready to get off, when the car started again; that she thereupon told the motorman she wanted to get off at Holly street; that the car had proceeded east about sixty to sixty-five feet when 'the motorman asked her if she desired to get off at that point, to which she answered that she did. The car was thereupon stopped, she alighted from the north side, and immediately there-after she was struck down by an automobile, driven by a Mr. Rand, going west. Appellee testified that she did not see the automobile until it struck her. She was rendered unconscious by the blow, and her testimony showed that her injuries were serious.

The motorman testified, his evidence being corroborated to some extent by the testimony of others, that the street car stopped near the northwest corner of the intersection of East Howard avenue and Holly street, where appellee desired to disembark; that one passenger got off at that point, and he (the motorman) looked back to see if there were any other passengers to leave the car, and seeing none, proceeded east something like sixty to sixty-five feet, when he discovered that appellee was at the front of the car, desiring to disembark; that the witness asked appellee if she was willing to get off at that place, to which she replied that she was; thereupon he stopped the car, and appellee went down the steps on the north side, into the street; that as she was alighting, the witness saw an automobile approaching the car from the east, going west; that at the time appellee stepped into the street the automobile was about one hundred

fifty feet away; that the witness told appellee to look out —there was an automobile coming. The automobile was passing the street car, as required by the traffic law, on the north side of East Howard avenue, which is a little less than forty feet wide. Appellee testified that she was dull of hearing, and if the motorman said anything to her about an approaching automobile she did not hear him; appellee was about seventy years of age at the time of her injury. East Howard avenue was paved at the time of the accident, but Holly street was not, the latter being surfaced with oyster shells.

The principal ground urged by appellant for a reversal of the judgment was the action of the court in refusing appellant's request for a directed verdict. That position means that, taking as established every material fact favorable to appellee's case which the evidence either tended to prove directly or by reasonable inference, still, under the law there was no liability on the part of appellant for the injuries.

It will be observed from the above statement of the case that there are certain material facts which are undisputed in the evidence. They are that appellee was lawfully on appellant's street car; that she was traveling to her home, which is situated near the northwest corner of the intersection of East Howard avenue and Holly street; that appellee gave the motorman operating the car notice that she desired to disembark at that place; that appellee was carried from sixty to sixty-five feet east of that place, and permitted to disembark, and as soon as she stepped out of the car on the street she was struck by the automobile.

According to appellee's testimony, she was carried past her destination through no fault of hers, but through the negligence of the motorman operating the car.

Appellant's argument is that it was without fault proximately contributing to the injury, because appellee safely left the car, and at the time of her injury was standing on paved street, and therefore the relation of carrier and passenger had ceased.

Persons traveling streets in automobiles and other vehicles, in approaching a street car while it is discharging and taking on passengers, are required to exercise a very much higher degree of care than is required in passing a moving street car. As a rule, street cars stop to discharge and take on passengers at street corners, and not beyond, and along the lots and blocks abutting on the streets, with certain exceptions generally well known to the traveling public. Therefore, persons traveling in automobiles and other vehicles are not required to be on the lookout for street cars to stop elsewhere than at their usual stopping places to let off or take on passengers. Appellant's motorman, operating the street car, was chargeable with knowledge of the additional danger of discharging and taking on passengers elsewhere than at street corners. The law imposed upon appellant the duty, not only to transport appellee safely to her destination, but also to furnish her a safe place to alight from the car in which she was being carried. And in view of the added danger of stopping the car at an unusual place, it was appellant's duty to warn her of dangers from passing vehicles in the street. Wood v. Public Service Corp., 174 N. C. 697, 94 S. E. 459, 1 A. L. R. 942; Mahoning & S. Ry. & Light Co. v. Leedy, 104 Ohio St. 487, 136 N. E. 198.

In the latter case the court held that where a street railway company, operating its cars upon public streets, has itself created a sudden situation of danger, it is the duty of the company, before discharging its passengers into such dangerous situation, either to remove the dangerous situation, or to warn passengers of its existence.

Viewing the evidence in the light most favorable to appellee's case, as should be done in determining the propriety of a directed verdict for the opposite party, appellant was negligent in carrying appellee beyond her destination, and allowing her to get off at a place more dangerous than the place where she was entitled to be discharged, without giving her notice, and warning her of

such added danger. The question of liability, therefore, was one for the jury, and not for the court.

Appellant assigns and argues as error the refusal of appellant's instructions, numbered in the record two to six, inclusive. There was no error in refusing instruction No. 2, because the court granted another instruction requested by appellant, embodying the exact principle of law as that contained in the refused instruction. By instruction No. 3 appellant sought to have the court charge the jury that a passenger on a street car ceases to be such when the street car stops and the passenger steps in safety from the car upon the street, and that thereafter the street car company owes such person no further duty. Under the principles of law above laid down in this opinion, that instruction was properly refused by the court. Instruction No. 4 is substantially the same as instruction No. 3, and was properly refused by the court for the same reason that the latter was refused. By instruction No. 5 appellant sought to have the court charge the jury that appellant, as a matter of law, had the right to stop the street car at any point along its track, and let off passengers. It was not error to refuse this instruction, if correct, because another instruction of substantially the same import was granted appellant. By instruction No. 6 appellant sought to have the court charge the jury that it was not negligence on its part to stop the street car at the place where appellee left it, instead of backing it to her place of destination. There was no error in refusing this instruction, for two reasons: (a) Substantially the same principle was embodied in another instruction granted appellant, and (b) it was a question for the jury as to whether or not appellant was negligent in stopping the street car at the point where appellee left it, instead of backing it to her destination.

Appellant complains of the action of the court in granting appellee instruction No. 1, which follows: "The court instructs the jury for the plaintiff that if you find a verdict for the plaintiff you may take into consideration in estimating her damages the physical and mental pain,

if any, you believe from the evidence she has suffered as a result of her injuries, and the physical and mental pain, if any, you may believe from the evidence she will endure in the future as a proximate result of her injuries, and any permanent injury, if any, you may believe from the evidence she has suffered as a proximate result of her injuries, and award her such damages as you believe from the evidence to be reasonable and fair and just to compensate her.''

Appellant's principal criticism of this instruction is that under the undisputed facts of the case, appellee was only entitled to nominal damages. We are unable to see upon what ground this contention is founded. If appellant was guilty of negligence proximately contributing to appellee's injury, we are unable to see why the latter is not entitled to full compensatory damages, instead of mere nominal damages.

The giving of instruction No. 2 for appellee is assigned as error. That instruction is in this language: ''The court instructs the jury for the plaintiff that the plaintiff was a passenger on a street car of the defendant, and if you further believe from the evidence that the defendant, acting through its motorman and conductor, saw an automobile approaching and knew or by the exercise of a high degree of care for her safety ought to have known that said automobile was likely to strike the plaintiff and thereupon negligently permitted the plaintiff to alight from the street car in a place of danger and as a proximate result of such negligence, if negligence there was, that the plaintiff was injured, then you shall find a verdict for the plaintiff.''

It will be seen from the principles of law declared in this opinion that there was no error in granting this instruction.

The giving of instruction No. 3 for appellee is assigned as error. That instruction follows: ''The court instructs the jury for the plaintiff that in this case the plaintiff was a passenger of the defendant and the defendant owed her a high degree of care to transport her safely

and to stop its car at a place for her to alight that was reasonably safe, and if you believe from the evidence in this case that the defendant negligently stopped its car at a place that was not reasonably safe and as a proximate result thereof she was injured, then you shall find a verdict for the plaintiff.''

What we have said with reference to instruction No. 2 applies with equal force to this instruction.

Affirmed.