**BROTHERTON, Admr., et al., Appellants,**

v.

**CLEVELAND, Coroner, et al.; Bethesda Hospital North et al., Appellees.**

[Cite as *Brotherton v. Cleveland* (1991), 76 Ohio App.3d 601.]

Court of Appeals of Ohio,
Hamilton County.

No. C–910111.

Decided Dec. 18, 1991.

*John H. Metz,* for appellants.

*McIntosh, McIntosh & Knabe* and *Bruce B. McIntosh,* for appellees Bethesda, Inc. et al.

---

*Per Curiam.*

Deborah S. Brotherton, individually and as administratrix of the estate of her deceased husband, Steven S. Brotherton ("decedent"), and as next friend

of their three minor children ("appellants"), instituted the action in the Hamilton County Court of Common Pleas against Frank P. Cleveland, M.D., the Hamilton County Coroner, individually and officially, the Board of County Commissioners of Hamilton County, the Eye Bank Association of America, the Cincinnati Eye Bank for Sight Restoration, Inc., the Ohio Valley Organ Procurement Center ("defendants"), and Bethesda North Hospital and Bethesda, Inc. ("appellees").

The appellants sought damages and a declaratory judgment based on the removal of the cornea from each eye of Steven S. Brotherton. The decedent, having been found slumped over in his automobile, was taken to Bethesda North Hospital where he was pronounced dead on arrival on February 15, 1988. Bethesda North Hospital is one of the hospitals within the operational and managerial responsibility of Bethesda, Inc. At several places in the record, Bethesda, Inc. is also referred to as Bethesda Hospital, Inc.

When the decedent was determined to be dead, the appellee, Bethesda North Hospital, made inquiry of the decedent's family relative to making an anatomical gift from his body. The appellants responded negatively. The decedent's body was released pursuant to law to the Hamilton County Coroner for post-mortem examination. The corneal removal was accomplished, without the appellees' knowledge, while the body was in the custody of the coroner.

The appellees moved for summary judgment in their favor on all claims of the appellants. The trial court granted summary judgment in favor of the appellees [1] and this appeal ensued.

The appellants advance a single assignment of error as follows:

"The trial court erred to the prejudice of appellants in granting summary judgment when issues of material fact existed under the circumstances."

For the reasons that follow, we hold the assignment of error to be without merit.

Initially, we observe that one of the arguments advanced by the appellees in support of their motion for summary judgment was the absence of expert testimony in support of a "medical claim" as that term is defined in R.C.

---

**1.** The entry granting summary judgment in favor of the appellees is entitled "Entry Granting Motion for Summary Judgment on Behalf of Defendants, Bethesda North Hospital and Bethesda Hospital, Inc." In the body of the entry, reference is made to the motion of "Defendant, Bethesda Hospital, Inc." for summary judgment. The entry renders judgment in favor of Bethesda Hospital, Inc. and contains the language as to finality as provided in Civ.R. 54(B). A stipulation by the parties, pursuant to App.R. 9(E), has been filed with this court indicating that the summary judgment applies also to Bethesda, Inc. and Bethesda North Hospital.

2305.11(D)(3). However, the appellees did not press this theory and conceded that the appellants' case was based on simple negligence and not on a medical claim. The trial judge and the appellants commented that the complaint did not meet the definition of a "medical claim." Therefore, we review the grant of the summary judgment, as did the trial court, by the application of general principles of negligence law and specifically whether the appellees had a duty to pass on to the coroner any information they had received relative to anatomical gifts from the body of a subject within the coroner's jurisdiction.

In the factual posture of the case on review we must determine if the appellees owed a duty to the appellants to advise the coroner of the appellants' decision relative to anatomical gifts from the body of their decedent. If so, we then must decide whether that duty was breached, and in that event, whether the appellants suffered damage or injury as a result of the breach. See *Baier v. Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 8 O.O. 208, 8 N.E.2d 1.

The critical element is the existence of a duty. If there was no duty to be breached, there could be no compensable damages. We conclude from the record on review that appellees owed no such duty to appellants and that there was no genuine issue as to the existence of this element.

Parenthetically, we note that the legislature has changed the law, R.C. 2108.021, effective March 27, 1991 (see 143 Ohio Laws, Part II, 1980, 1982–1984), so as to require hospitals to send with the body to the coroner a completed certificate of request for an anatomical gift. However, that amendment has no application to the facts of the case on review, which occurred in February 1988.

The appellants failed to present any Civ.R. 56(C) evidence raising a genuine issue as to the existence of the appellees' duty to notify the coroner of the response of the appellants to the request for an anatomical gift, and appellees were therefore entitled to judgment in their favor as a matter of law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., HILDEBRANDT and UTZ, JJ., concur.