## LEGG

v.

## OHIO STATE HIGHWAY PATROL.

Court of Claims of Ohio.

No. 92–08691.

Decided Aug. 4, 1993.

**120**

*Margaret Kazdin Stanard,* for plaintiff.

*Lee Fisher,* Attorney General, and *Eric A. Walker,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

This case arose as an original action and was tried before the court on July 19–20, 1993.

On Friday evening, August 30, 1991, plaintiff, David Legg, met with three friends at a Cleveland residence of one of them. After a time of socializing, which included the consumption of alcohol, they decided to go on a weekend camping trip. Their destination was an area near Cambridge, Ohio. Plaintiff and two other men were passengers in the vehicle, and one of the other passengers brought along his dog.

At approximately 11:30 p.m., while traveling on Interstate 77 in the city of Canton, Ohio, they were stopped by Trooper Anthony Philpot, an employee of defendant Ohio State Highway Patrol. The driver of the vehicle was arrested and charged with driving under the influence of alcohol. The testimony at trial established that the passengers had all been drinking alcoholic beverages; however, it was not proven that the passengers were intoxicated, although they may well have been under the influence. For various reasons, including the great distance from Cleveland and the amount of time required for anyone to travel from there to retrieve the vehicle, the trooper determined that the vehicle should be impounded.

As was their customary practice for late-night stops, Troopers Lepear Smith and Wilsheard Blackshear responded to assist Trooper Philpot. Trooper Smith informed the passengers that the vehicle would be impounded and that pedestrians were not permitted to walk upon the interstate. See, *e.g.*, R.C. 4511.051. He offered them several options for exiting the highway.

The passengers, including plaintiff, decided to leave the berm of the highway, climb over a five-foot-high fence, and then proceed onto the underlying street to the nearby Mercy Timken Hospital. It was anticipated that the hospital would have a telephone and a waiting area. In climbing over the fence, plaintiff lost his balance and fell. He apparently broke his leg in the fall, but did not seek treatment at the nearby hospital.

Plaintiff filed suit in this court, alleging that various injuries related to the broken leg were all proximately caused by the Highway Patrol's failure to exercise proper care for plaintiff's well-being; the failure to follow proper procedures for the treatment of the innocent citizens in plaintiff's circumstance; and, in the alternative, by the false arrest of plaintiff. The matter came on for trial and is determined upon the evidence and arguments presented by the parties.

■ Plaintiff presented little, if any, evidence tending to indicate that he was taken into custody, falsely or otherwise. The responding trooper did not actually restrain plaintiff, but only advised him that he could not act in a manner that would violate Ohio law, *viz.*, walk along the interstate highway system, and advised plaintiff that if he did so, then he (Trooper Smith) would arrest plaintiff. Such conduct by Trooper Smith would appear to constitute well-intentioned advice but not words imposing custody. See, *e.g.*, *Jones v. Ohio Dept. of Hwy. Safety* (1988), 62 Ohio Misc.2d 643, 610 N.E.2d 624. Upon the preponderance of the evidence adduced, the court finds that plaintiff was not arrested or otherwise taken into custody. Consequently, plaintiff's false arrest claim is without merit.

■ The greater portion of plaintiff's cause is grounded in the law of negligence. When an action is brought for negligent conduct, the plaintiff must demonstrate by a preponderance of the evidence that defendant owed a duty to plaintiff; that defendant failed in the discharge of that duty; and that plaintiff's injury proximately resulted from the defendant's failure. *Hadfield–Penfield Steel Co. v. Sheller* (1923), 108 Ohio St. 106, 141 N.E. 89; *Baier v. Cleveland RR. Co.* (1937), 132 Ohio St. 388, 391, 8 O.O. 208, 209, 8 N.E.2d 1, 2–3; *Wellman v. E. Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph three of the syllabus; *DiGildo v. Caponi* (1969), 18 Ohio St.2d 125, 47 O.O.2d 282, 247 N.E.2d 732; *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177,

423 N.E.2d 467; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

■ The duty owed by the Highway Patrol to those drivers and passengers encountered within the scope of the Highway Patrol's official duties is one of ordinary care, bearing in mind that the patrol must enforce the law so as to maximize the safety of all the motoring public. See, *e.g., Crow v. Ohio State Hwy. Patrol* (May 18, 1989), Ct. of Cl. No. 84–06021, unreported, at 6.

A review of the evidence indicates that Trooper Smith provided plaintiff and the others with several alternative courses of action, all of which would have resulted in plaintiff leaving the highway without placing himself or motorists at risk. Plaintiff was offered the option of being driven from the highway; however, the officer refused to allow the dog of one of the passengers to travel in the Highway Patrol vehicle. Instead, the officer offered to call the humane society to care for the dog, or, alternatively, to allow the dog to ride in the tow truck. Although he was not the owner of the dog, plaintiff refused to ride with the trooper from the interstate highway. The other passengers also refused the ride.

■ Plaintiff was completely free to refuse the proffered transportation, just as the trooper had discretion whether to allow the dog to enter his vehicle. Plaintiff's own testimony indicates that the dog had growled at Trooper Smith, which, by any standard, constituted an articulable threat to the officer's safety. The court finds that the officer acted reasonably in refusing to permit the dog into his vehicle under these circumstances.

Since plaintiff would not ride in the trooper's car, and could not walk on the interstate, the trooper attempted to provide other options. The vehicle was stopped on or near an underpass, *i.e.*, a lighted street ran under the interstate highway, and a hospital was within view, apparently on that street. The exit ramp was only a short distance away. Trooper Smith advised plaintiff that he could descend from the berm to the fence, which was a safe distance from the highway, and walk along the fence to its termination point at the exit ramp. At that point, he could have exited the highway with little, if any, risk to himself or to other motorists. Plaintiff also refused this option.

■ Trooper Smith additionally pointed out that plaintiff and the other passengers could go directly to the fence, climb over it, and arrive on the street. Their decision to go directly to the fence and to climb over it was a reasonable decision under the circumstances. The trooper aided them by shining his flashlight on their path as they walked to the fence and while they climbed over it. Such courtesy does not amount to negligence.

It was argued at trial that the trooper's only viable option was to force the passengers to be driven off the interstate highway, and this for their own

protection. The basis for this more precise view of duty is contained in materials taken from training courses offered to patrol personnel. A review of such document indicates that, by its terms, it is concerned with intoxicated persons. Plaintiff and the other passengers may well have been under the influence of alcohol, but there was no evidence that they were intoxicated. Moreover, while these materials may contain a number of solutions applicable by inference, the lesson plan does not necessarily represent the complete policy of the Highway Patrol, and the test of Trooper Smith's discretion in this case is yet that of reasonable care. Furthermore, the advice given by Trooper Smith included several options set forth in the lesson plan.

In conclusion, the court finds by a preponderance of the competent evidence that defendant was not negligent under the circumstances presented. Alternatively, plaintiff assumed the risks of his injury by choosing the option of climbing over the fence. In failing to successfully perform so simple a task, plaintiff failed to exercise due care for himself and, hence, was contributorily negligent. Either of plaintiff's negligent acts was far greater than whatever negligence may have existed in the decisions of defendant's employees. For all of the above reasons, the court finds in favor of defendant and against plaintiff.

*Judgment for defendant.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.