[Cite as *McKinley v. Ohio Dept. of Pub. Safety*, 2026-Ohio-792.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TYREK MCKINLEY | Case No. 2025-00859AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF PUBLIC SAFETY | |
| Defendant | |

{¶1} Tyrek McKinley ("plaintiff") filed this claim against defendant, Ohio Department of Public Safety ("ODPS"). Plaintiff's claim arises from an incident on July 24, 2025, when the vehicle that plaintiff was operating, a Freightliner semi-tractor trailer, was struck by an Ohio State Highway Patrol ("OSHP") trooper's vehicle, a Chevrolet Silverado, after the OSHP trooper made an improper turn. Plaintiff seeks damages in the amount of $10,000.00: $5,706.00 for chiropractic bills as a result of treating neck, back, left shoulder injuries, and muscle spasms; and $4,294.00 for pain and suffering. Plaintiff submitted the $25.00 filing fee.

{¶2} On December 12, 2025, defendant filed an investigation report denying liability in this matter. Defendant argues that ODPS is immune from liability because Trooper Hutchinson was responding to an emergency call and did not engage in willful or wanton misconduct. Defendant also argues that plaintiff's claim is barred by the public duty rule. Lastly, defendant argues that if the emergency call doctrine does not apply, plaintiff's claim of negligence fails because plaintiff fails to prove that the alleged injuries he sustained were proximately caused by Trooper Hutchinson's negligent driving.

{¶3} On January 12, 2026, plaintiff filed an untimely response to defendant's investigation report. L.C.C.R. 7 (A) states in pertinent part, "within twenty-one days after receipt of the report, the claimant may in writing respond to the investigation report. Within the twenty-one-day period, the claimant, by written motion, may request an extension of time in which to respond to the investigation report, provided that a reason is set forth for

the extension." Accordingly, plaintiff had until January 6, 2026 to file his response or file a motion for extension of time. This, plaintiff did not do. However, in the interests of justice, the court will consider plaintiff's response to defendant's investigation report. In plaintiff's response, plaintiff disagrees with defendant's notion that plaintiff was not actually injured in the incident and provides a statement from plaintiff's treating physician, Dr. Brian Johnson, who states that plaintiff's injuries were the direct result of the collision. However, plaintiff fails to address defendant's arguments regarding public duty and emergency response immunity and Dr. Brian Johnson's statements are not contained in an affidavit.

{¶4} To prevail in a claim for negligence, plaintiff must prove, by a preponderance of the evidence, that defendant owed plaintiff a duty, that defendant breached that duty, and that defendant's breach proximately caused plaintiff's damages. *Armstrong v. Best Buy Co., Inc.*, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶5} The Supreme Court of Ohio has held that "[i]n the absence of willful or wanton misconduct, the State Highway Patrol is immune from liability for injuries caused by a patrol officer in the operation of his vehicle while responding to an emergency call." *Baum v. State Hwy. Patrol*, 72 Ohio St.3d 469, 472 (1995). "In adopting this rule of law, the Supreme Court of Ohio reasoned that the state should enjoy the same level of immunity that the General Assembly affords to counties, cities, and townships." *Robertson v. Dept. of Pub. Safety*, 2007-Ohio-5080, ¶ 13 (10th Dist.), citing *Baum* at 472. "Pursuant to R.C. 2744.02(B)(1)(a), counties, cities, and townships are immune from liability when '[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct.'" *Id.*

{¶6} "In applying R.C. 2744.02(B)(1)(a), this court has defined 'willful misconduct' to mean conduct involving 'the intent, purpose, or design to injure.'" *Robertson* at ¶ 14 (10th Dist.), quoting *Byrd v. Kirby*, 2005-Ohio-1261, ¶ 22 (10th Dist.). "Wanton misconduct is the failure to exercise any care toward one to whom a duty of care is owed under circumstances in which there is a great probability that harm will result and the tortfeasor knows of that probability." *Id.* at ¶ 18.

{¶7}    For purposes of R.C. Chapter 2744, "'[e]mergency call' means a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A).  An emergency call in this context "need not involve an inherently dangerous situation." *Smith v. McBride*, 2011-Ohio-4674, ¶ 21.  Rather, the determination "turns on whether an officer was acting pursuant to a call to duty at the time of the accident." *Id.*; *see also Posner v. Dept. of Pub. Safety*, 2000 Ohio App. LEXIS 4496, *7 (10th Dist. Sept. 29, 2000) ("The focus, rather, is whether an immediate response is required.").

{¶8}    Defendant provided the dash-cam video footage and an affidavit of Trooper James Hutchinson, the OSHP trooper who was driving the Chevrolet Silverado that is the subject of plaintiff's claim.  Affidavit of Trooper James Hutchinson, ¶ 1-12.  According to Trooper Hutchinson, "[a]fter witnessing the traffic violation,[1] I activated my overhead cruiser lights and began driving toward the exit from the Speedway lot onto State Route 122 ("SR 122") to initiate a traffic stop on the dump truck for the violation I observed." *Id.* at ¶ 6.  The video footage shows Trooper Hutchinson activating his cruiser lights while in the Speedway parking lot.  *Id.*, Attachment A at 13:58:09-13:58:28.  Trooper Hutchinson then begins to exit the parking lot traveling between one and three miles per hour as he attempts to turn right into the roadway.  *Id.*  Presumably, having seen Trooper Hutchinson activate his lights, some vehicles stopped, attempting to give him space to exit the parking lot.  *Id.*  Plaintiff's semi-tractor trailer was stopped at the traffic light and Trooper Hutchinson was attempting to turn behind plaintiff's semi-truck to enter the left-hand lane, parallel to plaintiff's semi-truck.  *Id.* at 13:58:34  While slowly navigating the stopped traffic, Trooper Hutchinson's truck scraped the rear left corner of plaintiff's semi-truck trailer while traveling at roughly one mile per hour, per the dashcam footage's speed reading.[2]  *Id.*  It is apparent from the video that Trooper Hutchinson misjudged the size of his Silverado while he was exiting the gas station parking lot, which caused the incident.

---

[1] Trooper Hutchinson states that the violation he "personally observed [was] a passing dump truck that I believed to be overloaded and in violation of Ohio Revised Code Section 5577.04." *Id.* at  ¶ 4.

[2] Affidavit of Trooper Hutchinson, Attachment A2, p. 21-23.

{¶9}    After careful review, the Deputy Clerk finds that Trooper Hutchinson was not responding to an emergency call at the time of the incident.  While R.C. 2744 may include "personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer" and such calls to action need not be inherently dangerous, pursuant to *Smith, supra*, broad immunity for officers who claim to be responding to anything witnessed in the course of their duties exceeds the scope of the emergency call doctrine.  "The focus, rather, is whether an immediate response is required." *Posner* at *7.  Here, the evidence demonstrates that no immediate response was required based upon Trooper Hutchinson's personal observations.  Dash-cam footage shows that at the time Trooper Hutchinson witnessed the alleged overloaded dump truck, he activated his lights but did not turn on his siren.  Moreover, Trooper Hutchinson continued listening to music on his radio: he did not notify anyone on his radio that an immediate response was required by him.  There is no indication either in Trooper Hutchinson's affidavit or the dash-cam footage that an immediate response was necessary or occurred.  Trooper Hutchinson never called in the alleged dump truck violation before or after his collision.  Additionally, there is no evidence that any other troopers later pulled over the dump trump on behalf of Trooper Hutchinson.  Considering all the evidence in the case file, the Deputy Clerk finds that Trooper Hutchinson's personal observations fail to amount to witnessing a violation which demanded an immediate response entitling defendant to immunity.  Accordingly, defendant is not entitled immunity pursuant to R.C. 2744.

{¶10}   Next, defendant argues that in the alternative, plaintiff's claim fails because defendant is entitled to immunity under the public duty doctrine.  Under the public duty doctrine "an individual may not recover damages when the duty is a public one, in the absence of a special duty or relationship." *Elliott v. Ohio Dep't of Ins*., 88 Ohio App. 3d 1, 6 (1993); *see* R.C. 2743.02(A)(3)(b).  R.C. 2743.01(E)(1) states that a public duty "includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following . . . monitoring, law enforcement, emergency response activity."  However, "[t]he duty owed by the Highway Patrol to those drivers and passengers encountered within the scope of the Highway Patrol's official duties is one of ordinary care, bearing in mind that the patrol must enforce

the law so as to maximize the safety of all the motoring public." *Legg v. Ohio State Hwy. Patrol*, 66 Ohio Misc.2d 118 (Ct. of Cl.1993).

{¶11} Defendant argues that under this set of facts, as Trooper Hutchinson was performing a statutory law enforcement duty, i.e. investigating a potential moving violation, any duty owed to plaintiff was a public duty. Defendant's argument is unpersuasive. Ohio law imposes a duty of reasonable care upon all motorists driving on the roadway. *See Morris v. Bloomgren*, 127 Ohio St.147, 152 (1933). Such reasonable care includes the responsibility to observe the environment in which they drive, not only in front of their vehicle, but also to the sides, as the circumstances may warrant. *See e.g., Hubner v. Sigall*, 47 Ohio App.3d 15, 17 (1988). While Trooper Hutchinson was allegedly "investigating" an overweighted dump truck, Trooper Hutchinson also owed a duty of reasonable care to all motorists while operating his Silverado. Accordingly, the public duty rule does not apply in this instance as Trooper Hutchinson owed plaintiff a duty of reasonable care while operating a motor vehicle. Trooper Hutchinson breached that duty when he scraped the rear corner of plaintiff's trailer when he exited the gas station parking lot.

{¶12} Turning to plaintiff's negligence claim, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The court is free to believe, or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61 (1964). The court finds plaintiff's statements not particularly persuasive.

{¶13} Upon review of the evidence, the Deputy Clerk finds that plaintiff has failed to prove that Trooper Hutchinson's negligent driving was the proximate cause of his alleged injuries. The case file demonstrates that at the time of the collision plaintiff barely registered the initial impact. Affidavit of Sergeant Jacob A. Kunka, ¶ 4-6. The incident report written by Sergeant Kunka and signed by plaintiff states, "I was sitting at the light and felt a very light bump to the back of my trailer. Officer told me he hit me. There was no damage done to the trailer." *Id.*, Attachment B1. Plaintiff's signed statements at the time of the incident are corroborated by photographs of the trailer and Trooper Hutchinson's dashcam footage. The photographs show no damage to plaintiff's semi-truck and trailer. Affidavit of Trooper Hutchinson, Attachment A2, p. 2-3, 6-15, 20-23.

Only a small scrape in the paint on the side of Trooper Hutchinson's truck is visible because of the collision. *Id.* In addition, plaintiff's oral statements recorded on video show that he was not injured as a result of the impact.

{¶14} Next, regarding plaintiff's proffered medical opinion of Dr. Johnson, the

| | |
|---|---|
| TYREK MCKINLEY | Case No. 2025-00859AD |
| Plaintiff | Deputy Clerk Holly True Shaver |
| v. | <u>ENTRY OF ADMINISTRATIVE DETERMINATION</u> |
| OHIO DEPARTMENT OF PUBLIC SAFETY | |
| Defendant | |

Deputy Clerk finds that the injuries Dr. Johnson attributes to plaintiff as a result of this incident are not plausible. After considering the evidence provided by the dash-cam footage, after-scene incident reports, and plaintiff's own signed statements of being uninjured, Dr. Johnson's medical opinion is factually unsupported and unpersuasive. Accordingly, plaintiff has failed to demonstrate that his alleged injuries were proximately caused by the incident.

{¶15} As plaintiff has failed to prove that Trooper Hutchinson's negligent driving was the proximate cause of plaintiff's injuries, his claim must fail. Therefore, judgment is rendered in favor of defendant.

{¶16} Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
HOLLY TRUE SHAVER
Deputy Clerk

Filed 2/18/26
Sent to S.C. Reporter 3/9/26