CLEVELAND-AKRON-CANTON BUS CO v WALKER, GDN.

Ohio Appeals, 9th Dist, Summit Co

No 1532, Decided Jan 25, 1929

Musser, Kimber & Huffman, Akron, for Bus Co.
Smoyer & Smoyer, Akron, for Walker.

WASHBURN, PJ

Considering all the evidence, including all the physical facts, we are unanimously of the opinion that such finding by the jury is not against the manifest weight of the evidence but on the contrary that the finding of the jury that she was struck while she was in the act of alighting and before both of her feet were upon the ground, is supported by the overwhelming weight of the evidence.

With that fact established, and taken in connection with the facts about which there was no dispute, the liability of the Bus Co. was established, unless Miss Freisch was guilty of contributory negligence. The question of her contributory negligence was properly submitted to the jury, and the jury, in our judgment, was fully justified in finding that she was not guilty of contributory negligence.

Complaint is made because the court charged the jury, at the request of Miss Freisch, as follows:

"A passenger upon an automobile bus, operated for the transportation of passengers, continues to be a passenger until he has accomplished the act of alighting from said bus in safety, and so long as the relation of carrier and passenger continues, the company

operating the automobile bus owes him a high duty of care, and the relation of passenger and carrier continues, and the duty of the company as carrier is terminated only when it has discharged him safely upon the street."

In view of the special findings of the jury and all the facts in this case, we hold that it was not error to give such charge or refuse to qualify it as requested by the Bus Co.

It is urged that the trial court erred in charging that it was the duty of the Bus Co. to provide Miss Freisch a safe place in which to alight from its bus, and also that if the driver of said bus knew, or in the exercise of ordinary care should have known, of the approach of said street car, it was his duty to warn Miss Freisch of the danger to her in alighting from the bus at said time and place.

In support of this claim, counsel for the Bus Co invoke the rule established in **Reining v. The N. O. T. & L. Co.**, 107 O.S. 528, which rule is applicable to a company in the operation of a street car which runs upon a fixed track and is stopped at a regular stop where there is danger to alighting passengers from the automobile traffic in the street, which automobiles are not confined in their operation to a fixed track, and where the injury occurred after the passenger had alighted in safety.

We do not think that such rule is applicable to the facts in the instant case.

As to the other part of the complaint. While it may be inaccurate to charge that a carrier discharged passengers on a public highway over which it has no control, is in duty bound to "provide" a safe place for its passengers to alight, such a charge was not prejudicial error under the facts in this case, where the passenger was injured while in the act of alighting but before she had ceased to be a passenger, and when the carrier at the time it opened the door of the bus for its passenger to alight, actually knew of the approach of the street car on the track close to which its bus had been stopped.

The court instructed the jury, before argument, that when a passenger on a bus has safely alighted, the relation of carrier and passenger terminates, and that if Miss Freisch was injured after she had safely alighted from the bus, the Bus Co. would not be liable.

In considering the parts of the charge of the court of which complaint is made, it must be kept in mind that by the special findings of the jury we are able to determine that the jury found the fact to be that Miss Freisch was injured before she had safely alighted and from a source of danger which, to the knowledge of the Bus Co., was there at the time, and not from a source of danger which arose subsequent to the severance of the relation of carrier and passenger. In view of that finding, of which we do not disapprove, we hold that none of the claimed errors in the charge were prejudicial.

Finding no prejudicial error in the record, and that substantial justice has been done, the judgment is affirmed.

Funk, J, and Pardee, J, concur.