DIETRICH, APPELLANT, *v.* THE COMMUNITY TRACTION CO., APPELLEE.

[Cite as Dietrich v. Community Traction Co., 1 Ohio St. 2d 38.]

(No. 38623—Decided December 29, 1964.)

40

*Mr. William D. Driscoll,* for appellant.

*Messrs. Fuller, Seney, Henry & Hodge, Mr. Gerald B. Riley* and *Mr. Larry W. McCormack,* for appellee.

MATTHIAS, J. The Court of Appeals in the instant case held that the defendant bus company owed no duty to a passenger who had alighted and taken two or three steps before he was injured. On the same question, in the *Mueller* and *O'Reilly cases, supra,* the Courts of Appeals for Hamilton and Cuyahoga Counties allowed recovery for the passenger, even though he had alighted and proceeded some distance at the time he was injured.

Section 6, Article IV of the Ohio Constitution, provides as follows:

"* * * whenever the judges of a Court of Appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other

Court of Appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination. * * *."

The obvious purpose of this section is to require this court to determine the proper rule of law to be followed throughout the state, when the judgment of one Court of Appeals is in conflict with the judgment of another Court of Appeals on the same legal question.

It is, therefore, our duty in the instant case to determine the proper rule of law concerning the responsibility of a common carrier to a passenger who has already alighted and is injured as a result of conditions at or near the spot of alighting.

It is generally recognized that the duty of a common carrier of passengers is to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the system. 8 Ohio Jurisprudence (2d), 622, Carriers, Section 176; paragraph one of the syllabus of *Jones* v. *Youngstown Municipal Ry. Co.*, 133 Ohio St. 118. This duty continues until the passenger is given an opportunity to alight in a reasonably safe place. 13 Corpus Juris Secundum, 1353, Carriers, Section 723; 8 Ohio Jurisprudence (2d), 603, Section 151; *Mahoning and Shenango Ry. & Light Co.* v. *Leedy*, 104 Ohio St. 487, 492.

Defendant claims that it may not be held liable in this case since it did not own the area where plaintiff alighted and was required by ordinance (Section 21-17-8, Toledo Municipal Code) to stop within designated areas. Such circumstances are relevant to the question of negligence and may be considered by the jury in determining whether defendant exercised the required degree of care. What is required of a bus company in order to satisfy its duty to passengers might well be different from what is required of a carrier that provides and maintains a platform or other area for passengers to alight. *On the other hand, more may be required of a motorbus carrier than of one who operates a street railway system.* See *Cleveland Ry. Co.* v. *Crooks*, 125 Ohio St. 280, 282. Nevertheless, defendant has the duty to exercise great care to afford its passengers the opportunity to alight in a reasonably safe place. It is not immune from liability for breach of this duty even though the location is owned

by another and the defendant's ability to select a safe place is limited to places within the designated bus stops. *Woodard* v. *Saginaw City Lines,* 365 Mich. 273, 277, 112 N. W. (2d) 512; *Sprout* v. *Oklahoma Ry. Co.,* 207 Okla. 118, 247 P. (2d) 972; *Beahan* v. *St. Louis Public Service Co.* (Mo. App.), 213 S. W. (2d) 253.

A common carrier of passengers has an obligation to exercise the highest degree of care to afford its passengers an opportunity to alight in a reasonably safe place. *Brown* v. *Metropolitan Transit Authority,* 341 Mass. 690, 693, 171 N. E. 869; *Harris* v. *Atlantic Greyhound Corp.,* 243 N. C. 346, 90 S. E. (2d) 710; 9 A. L. R. (2d) 938, 946; 13 Corpus Juris Secundum, 1353, Carriers, Section 723; 14 American Jurisprudence (2d) 405, Carriers, Section 984; 8 Ohio Jurisprudence (2d) 636, Section 194. *It is not absolved from liability for breach of that duty merely because the passenger is not injured in the very act of alighting or at the exact time and place when and where he alights.* *Peterson* v. *City of Seattle,* 51 Wash. (2d) 187, 316 P. (2d) 904; *Parker* v. *San Francisco,* 158 Cal. App. (2d) 597, 323 P. (2d) 108; *Columbus Transportation Co.* v. *Curry,* 104 Ga. App. 700, 122 S. E. (2d) 584; *Feldotto* v. *St. Louis Public Service Co.* (Mo. App.), 285 S. W. (2d) 30; *Houston Transit Co.* v. *Zimmerman* (Tex. Civ. App.), 200 S. W. (2d) 848, 851; 13 Corpus Juris Secundum 1353, Carriers, Section 723. A passenger is not discharged at a "reasonably safe place" merely because there is no hazard at the precise spot he alights. No one could seriously contend that a place with a concealed cliff or quicksand some feet away is not unsafe. What is reasonably safe depends upon the probability of injury to passengers and the likely seriousness of injury if it occurs. See 2 Harper and James, Torts, 930 to 932, Section 16.9.

The distance of the hazard from the place of alighting might be considered on the question of probability of injury or on whether defendant should have known of the condition. However, the fact that there was some distance between the danger and the spot of alighting does not automatically relieve defendant from liability.

Liability should not depend on how many steps the plaintiff had taken but rather upon whether the place where he

alighted involved an unreasonable risk of harm and whether defendant exercised the required degree of care. The elements necessary for a cause of action in negligence are: A legal duty, a breach of that duty, a close causal relationship between the breach of duty and the injury, and actual injuries. *Lackner* v. *Burns,* 175 Ohio St. 469, 474; Prosser, Torts (3 Ed.) 146. If defendant breaches its duty to afford a passenger the opportunity to alight in a safe place and the passenger is injured as a proximate result thereof, it is no defense that at the time the threatened harm became actual harm the injured party was no longer a passenger but a pedestrian. If the defendant was negligent it was in allowing its passenger to alight without exercising the required degree of care for his safety. This breach of duty unquestionably occurred while plaintiff was still a passenger. The fact that the injury took place after he had alighted is immaterial so long as it proximately resulted from defendant's negligence. Prosser, Torts (3 Ed.) 291.

Under the modern view, if the carrier negligently discharges a passenger in an unsafe place, its liability continues until the passenger in the exercise of ordinary care has had a reasonable opportunity to reach a place of safety. 4 Blashfield, Automobile Law and Practice, 19, 147, Sections 2142 and 2172; *Peterson* v. *City of Seattle, supra; Parker* v. *San Francisco, supra; Columbus Transportation Co.* v. *Curry, supra; Feldotto* v. *St. Louis Public Service Co., supra.*

The passenger is required to exercise ordinary care for his own safety and if his own negligence contributes to his injury recovery will be barred. However, since the passenger has no control over where the bus will stop, he has the right to assume that it is a reasonably safe place to alight, and he may proceed accordingly until he realizes, or in the exercise of reasonable care should realize, otherwise. *Jackson* v. *City of Seattle,* 15 Wash. (2d) 505, 131 P. (2d) 172; *O'Shea* v. *Chicago Motor Coach Co.,* 328 Ill. App. 457, 462, 66 N. E. (2d) 482.

We find that a motorbus common carrier may be liable for injuries proximately resulting from its negligence in failing to afford a passenger an opportunity to alight in a reasonably safe place even though the passenger had alighted and taken two or three steps before he was injured. The judgment of the Court

of Appeals is, therefore, reversed, and the cause is remanded to that court for reconsideration in light of this opinion.

*Judgment reversed and cause remanded.*

GRIFFITH, HERBERT and GIBSON, JJ., concur.

TAFT, C. J., ZIMMERMAN and O'NEILL, JJ., concur in paragraphs two and three of the syllabus but dissent from the judgment.

HERBERT, J., concurring. The sufficiency of the evidence was thoroughly tested in the courts below. The trial court denied a motion by defendant for a directed verdict. It overruled defendant's motion for a new trial, which contained a claim of error that the verdict was against the manifest weight of the evidence. Judgment was entered on the verdict.

The weight of the evidence was specifically raised in the Court of Appeals by defendant in its sixth assignment of error:

"6. The verdict and judgment is * * * against the manifest weight of the evidence." The Court of Appeals overruled this assignment of error, in the exercise of its constitutional power to weigh the evidence. The trial judge, the judges of the Court of Appeals and the members of the jury must be presumed to have reasonable minds under the doctrine of *Hamden Lodge* v. *Ohio Fuel Gas Co.,* 127 Ohio St. 469.

The more liberal rule of law announced in the majority opinion can only strengthen the holding of the Court of Appeals in its refusal to sustain the sixth assignment of error, the majority stating in its opinion that "the terrain between the sidewalk and curb was mostly bare ground with scattered clumps of grass. * * * The surface was uneven containing *bumps and holes.* * * * the visibility was relatively poor * * *."

TAFT, C. J., concurs in paragraphs two and three of the syllabus but dissents from the judgment for the reason that there is no evidence in the record which would justify reasonable minds to conclude that any hole or other hazard contributed in any way to plaintiff's fall.

ZIMMERMAN and O'NEILL, JJ., concur in the foregoing dissenting opinion.