ROBINSON, APPELLANT, v. YELLOW CAB COMPANY ET AL., APPELLEES.

(No. 86AP-307 — Decided August 26, 1986.)

*Michael N. Oser* and *Edward F. Pelteson,* for appellant.

*Rick E. Marsh,* for appellee American Reinsurance Company of New York.

*Kenneth E. Harris,* for appellee Yellow Cab Company et al.

TYACK, J. On November 3, 1979, plaintiff-appellant, Nellie Robinson, was a paying passenger in a taxicab owned by defendants-appellees, Yellow Cab Company and United Transportation, when the cab was struck by a second vehicle which was being operated negligently. The vehicle at fault and its driver were uninsured.

In January 1981, appellant filed an action in the Franklin County Court of Common Pleas against Yellow Cab, United Transportation and American Reinsurance Company of New York, alleging, essentially, a claim for breach of contract, and a claim for declaratory judgment for uninsured motorist coverage for her injuries sustained in the collision.

The action progressed slowly until on January 30, 1986 the defendants filed a "Supplemental Motion for Summary Judgment" relying upon the recently decided case of *Grange Mut. Cas. Co.* v. *Refiners Transport & Terminal Corp.* (1986), 21 Ohio St. 3d 47, 21 OBR 331, 487 N.E. 2d 310. Appellant filed a memorandum contra the supplemental motion, and the trial court granted judgment on March 4, 1986. The trial court's decision, which was journalized that date, merely found that there were "no genuine issues of material fact and that defendant [sic] is entitled to judgment as a matter of law." This appeal ensued.

Appellant submits two assignments of error:

"1. The court erred in failing to require appellees Yellow Cab Company and United Transportation to provide uninsured motorist coverage pursuant to Revised Code Section 3937.18(A) absent a timely effective rejection.

"2. The court erred in granting summary judgment without the consent of all the parties when the action was already set for trial."

Addressing the second assignment of error first, assuming that the trial court erred, the error was not prejudicial. The facts are basically stipulated; and the ruling in favor of the defendants, if it were to come, might as well come by summary judgment as at the close of opening statements when additional time and effort would have been expended by all involved. The second assignment of error is hereby overruled.

The first assignment of error presents the question of whether or not the recent ruling of the Supreme Court of Ohio in *Grange Mut. Cas. Co.* v. *Refiners Transport & Terminal Corp., supra,* is dispositive of Robinson's action. Regretfully, the court feels that it is.

The essence of appellant's action is a declaratory judgment claim alleging that appellees, who admittedly were self-insured, were responsible under R.C. 3937.18 to provide uninsured motorist coverage to appellant. The syllabus of the *Grange* case provides:

"The uninsured motorist provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals."

The issue precisely addressed in the body of the opinion indicates that that case deals with:

"* * * [W]hether an employer, who meets Ohio's financial responsibility laws other than by purchasing a contract of liability insurance, must comply with the requirements concerning uninsured motorist coverage contained in R.C. 3937.18 relative to employees injured in the course of employment while driving or occupying a vehicle owned by the employer. * * *" *Id.* at 48, 21 OBR at 332, 487 N.E. 2d at 312.

The syllabus, however, goes well

74

beyond the employer-employee context in its scope.

Further, the Supreme Court of Ohio in *Grange* subtly criticizes this court's ruling in *Unigard Ins. Co. v. Green Cabs* (1980), 67 Ohio App. 2d 152, 21 O.O. 3d 452, 426 N.E. 2d 200. The Supreme Court of Ohio did not indicate in the least that a different situation is presented in the common carrier-paying passenger context of the *Unigard* case. Instead, the decision of another court of appeals was called "better reasoned" when it indicated that the self-insurer's rejection of uninsured coverage must be presumed. To believe that the *Unigard* case has not been overruled is to engage in wishful thinking at best.

The Supreme Court of Ohio acknowledges in *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp., supra,* that "public policy may well favor mandatory uninsured motorist protection for employees of self-insured employers," but "[t]he current statutes of Ohio simply do not require such protection." *Id.* at 50, 21 OBR at 335, 487 N.E. 2d at 314. If so, public policy would seem to favor even more strongly some protection for passengers on common carriers; but apparently the final weighing of policy considerations must come from the legislature. In the meantime, the *Grange* case is the law of this state and dictates that Robinson's injuries are her burden to bear unassisted.

The first assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and MARTIN, JJ., concur.

MARTIN, J., of the Court of Common Pleas of Fairfield County, sitting by assignment.