JAMES, Appellant,

v.

WRIGHT; Yellow Cab Company et al., Appellees.

[Cite as *James v. Wright* (1991), 76 Ohio App.3d 493.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–725.

Decided Dec. 5, 1991.

*Nicholas B. Wilson,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Andrew W. Cecil,* for appellees.

---

Peggy Bryant, Judge.

Plaintiff-appellant, Daisy James, appeals from a judgment of the Franklin County Court of Common Pleas overruling plaintiff's motion for summary judgment on the issue of liability, and granting the motion to dismiss of defendants-appellees, Yellow Cab Company and United Transportation (collectively, "taxi companies"), and Mark Steward.

The facts in this case are undisputed. On March 5, 1988, plaintiff hired a Yellow Cab taxi driven by Mark Steward. While proceeding to plaintiff's destination, the taxi entered an intersection on a green light. At the same time, an uninsured motor vehicle driven by Jeffrey W. Wright entered the same intersection on a red light, striking the taxi and injuring plaintiff. Upon making a claim for her injuries to the taxi company, plaintiff learned that the taxi companies carried no uninsured motorist coverage.

Plaintiff filed suit against Steward and the taxi companies in the Franklin County Court of Common Pleas, alleging that defendants were negligent in failing to warn her that the taxi lacked uninsured motorist coverage. The trial court overruled plaintiff's motion for summary judgment on the issue of liability, and granted defendants' motion to dismiss, finding that plaintiff's complaint stated no claim upon which relief could be granted.

Plaintiff appeals therefrom, assigning the following errors:

"1. The trial court erred in granting defendant-appellees' motion to dismiss complaint as to the defendant taxi driver and taxi companies.

"2. The trial court erred in overruling plaintiff-appellant's motion for summary judgment as to liability against the taxi driver and taxi companies."

We consider plaintiff's two assignments of error together because both rely on plaintiff's theory that defendants were negligent in failing to warn plaintiff of the taxi companies' lack of uninsured motorist coverage.

Plaintiff argues that the lack of uninsured motorist coverage constitutes a known peril, and that the common-law duty of a common carrier to warn its passengers of known perils required defendants to warn plaintiff that the taxi companies carried no uninsured motorist coverage on the taxi which plaintiff hired, despite the absence of any duty on the part of the carrier to provide such coverage. *Robinson v. Yellow Cab Co.* (1986), 33 Ohio App.3d 72, 74, 514 N.E.2d 450, 451; see, also, *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* (1986), 21 Ohio St.3d 47, 21 OBR 331, 487 N.E.2d 310.

A common carrier has a duty to warn its passengers of dangerous agents or conditions known to or reasonably ascertainable by the carrier. *Cleveland–Akron–Canton Bus Co. v. Walker* (1929), 30 Ohio App. 411, 165 N.E. 373 (peril to alighting bus passenger from nearby streetcar); see, also, *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233 (potential peril to alighting taxi passenger from oncoming car). However, the foregoing duty applies only as to perils which the passengers should not be expected to discover or protect themselves against. *Baier v. Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 392–393, 8 O.O. 208, 210, 8 N.E.2d 1, 3; see, also, *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 359, 12 O.O.3d 321, 322, 390 N.E.2d 810, 812.

We disagree with plaintiff's contention that the taxi companies' lack of uninsured motorist coverage constitutes a known peril which gives rise to a common carrier's duty to warn. The known peril herein is the negligent driving of a third-party, uninsured motorist, not the taxi companies' lack of uninsured motorist coverage. See Black's Law Dictionary (6 Ed.1990) 1138 (defining "peril" as "[t]he risk, hazard or contingency insured against by a policy of insurance"). Cf. *Brinkmoeller, supra; Walker, supra* (both involving peril posing immediate threat of physical harm to a passenger). Because the taxi companies' lack of uninsured motorist coverage is not a peril, defendants had no duty to warn plaintiff of the lack of such coverage.[1]

Defendants, relying on *State Farm Ins. Cos. v. Wood* (1989), 58 Ohio App.3d 11, 567 N.E.2d 1040, argue that the failure to warn plaintiff of the lack

---

**1.** Defendants also had no duty to warn plaintiff of the peril of negligent driving by an uninsured motorist, as plaintiff is equally as capable as defendants of discovering and protecting herself against such peril. See *Jackson, supra.*

of uninsured motorist coverage did not proximately cause plaintiff's injuries, even if the lack of uninsured motorist coverage constitutes a known peril. In *Wood,* an automobile owner entrusted his automobile to a third party, who negligently struck and injured State Farm's insured. *Id.* at 12, 567 N.E.2d at 1041. The Hamilton County Court of Appeals determined that even if, in violation of R.C. 4509.101(A)(1), the automobile owner negligently entrusted his automobile to a third party who lacked proof of financial responsibility, such negligent entrustment did not proximately cause the injury to State Farm's insured. *Id.* at 13, 567 N.E.2d at 1042.

Defendants' failure to warn plaintiff of the lack of uninsured motorist coverage is an even more remote cause of plaintiff's injuries than the negligent entrustment in *Wood, supra.* Hence, under *Wood,* even if the lack of uninsured motorist coverage was a known peril which gave rise to a duty to warn herein, defendants' breach of such duty did not proximately cause plaintiff's injuries. See *Baier, supra.*

Generally, a negligence claim requires the plaintiff to show (1) that defendant had a duty to protect plaintiff from injury, (2) that defendant failed to discharge that duty, and (3) that defendant's breach of that duty proximately caused plaintiff's injury. *Wellman v. East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph three of the syllabus. Plaintiff's complaint having failed to allege all three elements of a negligence claim, the trial court did not err in overruling plaintiff's motion for summary judgment on the issue of liability, and granting defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Accordingly, we overrule plaintiff's two assignments of error.

Having overruled plaintiff's two assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

STRAUSBAUGH and HOFSTETTER, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.