[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a negligence action wherein the plaintiff claims that the defendant bus company failed to use proper care in stopping the bus and discharging the plaintiff passenger at CT Page 10917 a safe place.
Plaintiff, in paragraph 6 of his complaint, alleges that "[a]t said time the aforementioned bus proceeded and then stopped at 369 Tolland Street, at which point the plaintiff exited the bus. After alighting, the plaintiff proceeded across the street and thereafter was struck down by an on-coming car."
The statements of witnesses attached to defendant's memorandum in favor of the motion for summary judgment recite that the bus had left the scene where the plaintiff had been dropped off, and thereafter, the plaintiff crossed the street, and was struck by an oncoming car. No statements have been submitted by plaintiff to show a contrary set of facts.
The first issue here is whether or not the bus company has an obligation to discharge its passengers in a safe place. Our answer to this is yes. Roden v. Connecticut Co.,13 Conn. 408, 410 (1931).
 "The duty of a common carrier of passengers includes an obligation to furnish them a safe place in which to alight, as far as that place is provided by it or is affected or conditioned by the movement of the vehicle, and that duty is only satisfied if it exercises the highest degree of care and skill which reasonably may be expected of intelligent and prudent persons engaged in such a business, in view of the instrumentalities employed and the dangers naturally to be apprehended. St. John v. Connecticut Co., 103 Conn. 641, 64444, 131 A. 396; Belledeau v. Connecticut Co., 110 Conn. 625, 627, 149 A. 127. An automobile bus is able to move or stop in the street at the will of its driver and the safety of the place he offers its passengers to alight may be affected or conditioned by the passing traffic. Cleveland-Akron-Canton Bus Co. v. Walker, 30 Ohio App. 411, 165 N.E. 373." Id. See also Josephson v. Meyer, 180 Conn. 302, 305, 306 (1980).
The second issue is whether or not the bus company, once it has discharged a passenger at a safe place, has a continuing duty to that passenger. Our answer is no. "When, however, the duty of the carrier to provide a safe place to CT Page 10918 alight has been fulfilled and the passenger has left the vehicle it ceases to owe to him any duty . . . ."
Roden v. Connecticut Co., supra 410.
The only issue that remains is whether or not the bus operator discharged the plaintiff from the bus at a safe place. This is a factual determination not capable of being decided on a motion for summary judgment.
Accordingly, the motion for summary judgment is denied.
ARNOLD W. ARONSON, J.