This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Michael Drake and Shelly Scott have appealed from an order of the Summit County Common Pleas Court granting summary judgment to Appellee Metro Regional Transit Authority, ("Metro"). This Court affirms.
 I.
This case arose out of a traffic incident that occurred on November 6, 1997. As a result of that incident, Appellants filed a complaint in the Summit County Common Pleas Court on November 4, 1999 and the matter proceeded on summary judgment. Evidence was presented through the pleadings, depositions, and other discovery materials. It is undisputed that a red automobile made a right turn into a parking lot from the second lane of a three-lane highway. In so doing, it crossed in front of a Metro bus that had stopped to allow a passenger to disembark. Appellants, who were seated on the bus as passengers at the time, contend that they were jolted and injured as a result of the automobile striking the bus — or vice versa — and the sudden application of the brakes by the bus driver. They further stated that the driver of the automobile stopped to check her car for damage and drove off after the bus driver "let" her go. The bus driver, on the other hand, stated that the bus was stopped at a bus stop and traffic light during the entire incident. He was not even aware that the automobile may have struck the bus until the driver of that vehicle came to the door of the bus and asked if she hit the bus. Thereupon, the bus driver inspected the bus and did not see any physical damage. Pursuant to procedure, the bus driver contacted his home office by two-way radio from the scene and, while on the radio, observed the automobile driver drive away through the parking lot. She did so without leaving her name. The bus driver subsequently completed a written report. Appellants stated in deposition that they did not inform the bus driver of any injuries at the time of the incident, nor were they aware of any until after they departed the bus at their intended destination.
Having presented no evidence alleging negligent operation of the bus, Appellants' only complaint against the bus driver is his failure to obtain the name and address of the driver of the other vehicle. Specifically, they claim that Metro was negligent and breached a duty of care to its passengers because the bus driver did not obtain identifying information of the driver of the automobile before she left the scene. By journal entry on November 16, 2000, the trial judge granted summary judgment to Metro, finding that the duty of the bus driver extended only to the protection of the physical safety of the passengers. Appellants timely appealed, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR
 The court erred in granting appellee's motion for summary judgment in that there clearly [exist] questions of fact for the trier to determine.
 A. The court failed to conclude that appellee was entitled to judgment as a matter of law.
 b. [Appellees] are not entitled to judgment as a matter of law.
 Appellants contend that the trial court erred in finding that there exist no material issues of fact and also disagreed with the trial court's finding, as a matter of law, that the bus driver owed no duty to the passengers to obtain identifying information from the driver of the automobile.
Appellate review of a trial court's entry of summary judgment is denovo and is conducted upon the same standard used by the lower court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. A motion for summary judgment must be granted if: (1) the moving party demonstrates that there remains no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Civ.R. 56(C); Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Because our resolution makes it dispositive, this Court first considers the question of whether Metro, the moving party, is entitled to judgment as a matter of law. The Ohio Supreme Court has held:
 To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom.
 Baier v. Cleveland Ry. Co. (1937), 132 Ohio St. 388, 391. Thus, the existence of a duty to obtain identifying information from the driver of the automobile is an essential element of this negligence action. Further, the existence of such a duty is a question of law for the determination of the court. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
In support of their argument, Appellants point to R.C. 4549.02, which obliges the operator of a motor vehicle, in the event of accident or collision upon public roads, to stop his vehicle and give his name, address and registered number of such vehicle to any injured person, the owner of any vehicle damaged, or a police officer at the scene of the accident. While this legislation imposes a duty upon the driver of the automobile to offer information, it does not impose any duty upon the bus driver. Consequently, this statute fails to counter the finding that Metro is entitled to summary judgment as a matter of law.
Appellants also argue that there exists an enhanced duty on the part of a common carrier to obtain the identifying information described in R.C.4549.02. Appellants, however, provide no case law in support of such position, nor is this Court aware of any.
The duty of a common carrier to its passengers is well established and has recently been reiterated by the Ohio Supreme Court as requiring the operator "to exercise the highest degree of care for the safety of its passengers." Southwest Ohio Regional Transit Auth. v. Amalgamated TransitUnion, Local 627 (2001), 91 Ohio St.3d 108, 113 quoting Dietrich v.Community Traction Co. (1964), 1 Ohio St.2d 38, 41. Thus, while a common carrier has a heightened degree of care as to the safe transport of its passengers, the law imposes no additional duty upon a common carrier to protect the potential civil remedies of its passengers.
Because this Court finds, as a matter of law, that the bus driver had no duty to obtain the name of the driver of the automobile, it is unnecessary to address matters of factual dispute. As there is no duty requiring the driver of the bus to obtain identifying information from the driver of the automobile, Appellant's argument must fail.
 III.
This Court overrules Appellants' sole assignment of error and affirms the judgment of the trial court, granting summary judgment to Metro. Appellants' sole assignment of error is overruled. The judgment of the trial court granting summary judgment to Metro is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ______________________________________ BETH WHITMORE
BATCHELDER, P.J., BAIRD, J. CONCUR.