[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} In a single assignment of error, plaintiffs-appellants Charlotte and John Ferguson challenge the trial court's judgment overruling their objections to, and adopting, the magistrate's decision in favor of defendant-appellee University Hospital, Inc. ("UH"). For the following reasons, we affirm.
{¶ 3} On August 4, 1998, while getting off a shuttle bus operated by UH, Charlotte was injured when she fell on the leg of an upturned stool that was partially sticking out from under the end of a bench seat. The Fergusons sued UH for negligence and loss of consortium, alleging that UH had negligently placed the stool under the seat and had failed to warn Charlotte of the danger of the partially exposed stool as she was leaving the van.
{¶ 4} This case was tried before a magistrate, who ruled in favor of UH, holding that UH's shuttle bus was not a "common carrier" and, thus, that only a duty of ordinary care was owed to Charlotte. Further, the magistrate held that even if it was assumed UH was a common carrier and, thus, subject to a higher duty of care, the evidence did not demonstrate that UH was negligent in failing to warn Charlotte of the possibility that she might get caught on the stool leg when leaving the van.
{¶ 5} In their objections to the magistrate's decision, the Fergusons maintained that the UH shuttle bus was a "private carrier," but that it should have been held to the same duty of care required of a common carrier for hire, because the "passengers [of UH's shuttle bus were] at the mercy of the driver." We note, as did the trial court, that the magistrate did hold that the UH shuttle bus was a private carrier, because there was no fee charged for the service. Yet, despite that holding, the magistrate applied the higher standard of care required of common carriers for hire to the facts in this case and concluded that UH had not breached its duty to Charlotte.
{¶ 6} The Fergusons argue that, although the magistrate and the trial court reviewed the evidence in view of the higher standard of care, the court's conclusion that UH had not breached its duty to Charlotte was against the manifest weight of the evidence. We disagree.
{¶ 7} It is well established that a common carrier has a duty to exercise the highest degree of care to its passengers consistent with the practical operation of the system.[1] These duties include warning passengers of dangerous conditions known to or reasonably ascertainable by the carrier, as well as affording passengers the opportunity to alight in a reasonably safe place.[2] But the duties only apply to perils that a passenger should not be expected to discover or protect him- or herself against.[3]
{¶ 8} A review of the record convinces us that the trial court's holding was not against the manifest weight of the evidence. The driver of the shuttle bus, Victor Walker, testified that the stool was stored underneath the bench seat and that, normally, the driver of the bus would help a passenger who needed to use the stool to leave the bus. Charlotte testified that at some point before she left the bus, another passenger had been using the stepping bench and had placed it back in the van, without the driver's help. But she also testified that she did not see where he had placed it. Walker testified that he had just started his shift and did not remember seeing anyone use the stool without his help and then place the stool back under the bench. He also testified that he had not seen the stool leg sticking out from under the end of the bench, nor was he in a position to have seen it from where he was sitting.
{¶ 9} We cannot say, under these circumstances, that the trial court's determination that UH, through its employee Walker, had no duty to warn Charlotte of the position of the stool when Walker could not see the stool from where he was sitting and, thus, did not have knowledge of the possible dangerousness of the position of the stool. The pictures of the shuttle bus and the position of the stool in the bus, which were presented at trial, supported that determination. Accordingly, we hold that UH, through its agent, Walker, did not breach its duty by failing to warn Charlotte of the position of the stool, when Walker could not have reasonably ascertained its dangerous position. Thus, the sole assignment of error is overruled and the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.
[1] Dietrich v. Community Traction Co. (1964), 1 Ohio St.2d 38,41, 203 N.E.2d 344.
[2] Id. at paragraph one of the syllabus; James v. Wright (1991),76 Ohio App.3d 493, 495, 602 N.E.2d 392.
[3] James, 76 Ohio App.3d at 495, 602 N.E.2d 392.