JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Louise Williams appeals from the order of the trial court that granted summary judgment to defendant Greater Cleveland Regional Transit Authority ("GCRTA") in Williams's negligence action. For the reasons set forth below, we affirm.
 {¶ 2} Plaintiff filed this action against GCRTA alleging that on December 4, 2002, she fell on snow and ice on the stairs of the No. 10 bus.
 {¶ 3} GCRTA moved for summary judgment and presented evidence that Williams observed snow and ice on the steps prior to exiting, that the driver told Williams to be careful on the stairs, and that she acknowledged that she was stepping carefully because she had observed the snow and ice on the steps. GCRTA further asserted that the driver had cleared the steps at some point that day and breached no duty in failing to keep the stairs free of snow and ice.[1] In opposition, plaintiff asserted that as a common carrier, GCRTA has a heightened duty of care for the safety of its passengers. She also presented evidence that she had a bag of groceries, and was seated in the section designated "handicapped."
In addition, plaintiff noted that bus company regulations provide:
 {¶ 4} "It is the operator's responsibility to carry and use the ice scraper that was issued. Its purpose is to clear the step area and windshield of accumulated snow and ice. Layovers are the most appropriate time to do this."
 {¶ 5} The trial court granted GCRTA's first motion for summary judgment. Plaintiff now appeals and assigns four errors for our review.
 {¶ 6} Plaintiff's first, second and fourth assignments of error are interrelated and state:
 {¶ 7} "The facts demonstrate that genuine issues remain as to whether RTA failed to exercise the degree of care required of common carriers."
 {¶ 8} "RTA failed to maintain a safe egress for passengers."
 {¶ 9} "RTA has a legal duty to warn its passengers of unsafe conditions presented on the bus when the operator has knowledge of such dangers."
 {¶ 10} We review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108,652 N.E.2d 684.
 {¶ 11} A trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
 {¶ 12} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Id., citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v. Hall, supra.
 {¶ 13} In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v. Willis Day WarehousingCo., supra. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact for trial. Vahila v. Hall,
supra.
 {¶ 14} If the party does not so respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial, summary judgment, if appropriate, shall be entered against the non-moving party.Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
 {¶ 15} With regard to the substantive law, we note that a claim of negligence must prove the following: (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; and (3) that said breach proximately caused the plaintiff's injury. See, e.g., Hensley v. Toledo AreaRegional Transit Auth. (1997), 121 Ohio App.3d 603, 615,700 N.E.2d 641.
 {¶ 16} In Cotrill v. Laketran (Nov. 19, 1999), Lake App. No. 98-L-169, the court outlined a common carrier's duty of care as follows:
 {¶ 17} "It is well established that a common carrier has a duty to exercise the highest degree of care to its passengers consistent with the practical operation of the system. Dietrichv. Community Traction Co. (1964), 1 Ohio St.2d 38, 41,203 N.E.2d 344. These duties include warning passengers of dangerous conditions known to or reasonably ascertainable by the carrier as well as affording passengers the opportunity to alight in a reasonably safe place. Id. at paragraph one of the syllabus;James v. Wright (1991), 76 Ohio App.3d 493, 495,602 N.E.2d 392. However, the above duties only apply to perils that a passenger should not be expected to discover or protect him or herself against. Dietrich, 1 Ohio St.2d at 43; James [v.Wright (1991),] 76 Ohio App.3d at 495."
 {¶ 18} Moreover, although a railway company owes a duty of the highest degree of care to its passengers, it cannot be regarded as an insurer of the safety of passengers. Rahman v.Greater Regional Transit Authority (June 2, 1994), Cuyahoga App. No. 66166. In judging whether or not the railway company exercised the highest degree of care toward this plaintiff, reference must be had to the surrounding circumstances. Id.
 {¶ 19} In Rahman this court affirmed summary judgment for the plaintiff and stated:
 {¶ 20} "Appellee met its duty of care by providing its drivers with ice scrapers and rock salt to keep the steps clear of slush. As appellant admits, the driver of this bus did undertake to keep the steps clear. The high degree of care required of common carriers is qualified by the phrase, `consistent with the practical operation of the system.'Dietrich, at 41. As those who are familiar with life in Cleveland during the winter months, it would be an impossible task to keep the steps completely free of slush and remain responsible for driving the bus route."
 {¶ 21} Similarly, in Fixel v. Greater Cleveland RegionalTransit Auth. (January 12, 1995), Cuyahoga App. No. 67298, this court affirmed summary judgment for GCRTA on the passenger's action for slip and fall on snow and ice in a bus. This court stated:
 {¶ 22} "It cannot be inferred from appellant's statement that she slipped on dirty, crusted snow, that appellee failed to remove snow from the bus in a manner consistent with the practical operation of the system. * * *
 {¶ 23} "Additionally, it is questionable whether appellee had a duty, because a common carrier has no duty to warn against perils a passenger should reasonably be expected to discover or protect himself against."
 {¶ 24} In Bell v. Greater Cleveland Regional TransitAuth. (April 6, 1995), Cuyahoga App. No. 67906, the plaintiff filed suit after she slipped on an accumulation of snow and slush and fell while disembarking the bus. The trial court entered summary judgment for GCRTA and this court affirmed, applyingRahman, supra.
 {¶ 25} Conversely, however, in Banks v. Greater ClevelandReg'l Transit Auth. (November 6, 1997), Cuyahoga App. No. 72468, this court determined that summary judgment was erroneously granted in favor of GCRTA where:
 {¶ 26} "1) It was an extremely snowy day; 2) driving conditions were `terrible;' 3) it was RTA's policy to issue ice scrapers to its drivers to keep the steps free from ice; 4) Baker cleaned the front bus steps with her ice scraper at the stop just prior to the one at which appellant boarded the bus; 5) appellant boarded at the front steps and "stomped her feet" to free them from snow; 6) Baker then made four to five other stops at which passengers boarded and disembarked through the front door; 7) all the passengers "stomped" the snow off as they boarded; 8) appellant was on the bus for approximately ten minutes; 9)appellant did not observe the floor during the time she was onthe bus but Baker did; 10) Baker warned appellant to be careful as she disembarked; however, 11) appellant slipped on one of the steps as she exited the front door of the bus." (Emphasis added.)
 {¶ 27} Applying all of the foregoing, we conclude that there are no genuine issues of material fact and that GCRTA was properly awarded judgment as a matter of law. Plaintiff did not notice if there was snow and ice on the steps as she boarded the bus, but it was an extremely snowy day and other passengers tracked in snow as they boarded. Plaintiff saw the snow and ice as she alighted the bus, walked carefully, the driver cleared the steps earlier and the driver warned plaintiff to be careful. GCRTA acted consistent with the practical operation of the system.
 {¶ 28} In accordance with the foregoing, the first, second and fourth assignments of error are without merit.
 {¶ 29} Plaintiff's third assignment of error states:
 {¶ 30} "RTA owes a greater degree of care to passengers with physical handicaps as compared to those passengers in good health."
 {¶ 31} We note that there are many laws which regulate accommodations for the disabled and which regulate public transportation. See, e.g., Spector v. Norwegian Cruise LineLtd. (2005), 545 U.S. 119, 125 S.Ct. 2169, 162 L.Ed.2d 97. The instant matter, however, was pled as an ordinary negligence action and was not pled with regard to an alleged physical handicap, and was not pled with regard to any such regulations or any alleged breach thereof. Likewise, discovery was not undertaken as to any of these issues. Accordingly, we conclude that these issues are not properly before us and we will not address them herein.
 {¶ 32} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese, Jr., J., concur.
[1] In a supplemental motion for summary judgment GCRTA asserted that it was entitled to judgment as a matter of law because plaintiff claimed that she suffered permanent injuries but she failed to submit expert evidence in support of this claim.