[Cite as *Piccirillo v. Southwest Ohio Regional Transit Auth.*, 2013-Ohio-2289.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LINDA PICCIRILLO, | : | APPEAL NO. C-120768 |
| | | TRIAL NO. A-1106755 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY, d.b.a. QUEEN CITY METRO, | : | |
| | : | |
| Defendant-Appellee, | : | |
| and | : | |
| UNITED HEALTHCARE INSURANCE COMPANY, | : | |
| | : | |
| and | : | |
| JOHN DOE | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  June 5, 2013

*O'Connor, Acciani & Levy* and *Kory A. Veletean*, for Plaintiff-Appellant,

*McCaslin, Imbus & McCaslin* and *Michael P. Cussen*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This is an appeal from a summary judgment in favor of a bus company in a case involving a passenger who fell while attempting to be seated on the bus.  Because there is no evidence in the record of any sort of unusual jerk or movement by the bus, we affirm the trial court's grant of summary judgment.

{¶2}    On the morning of February 8, 2011, plaintiff-appellant Linda Piccirillo boarded a bus operated by defendant-appellee Southwest Ohio Regional Transit Authority, d.b.a. Queen City Metro ("Metro").  As Ms. Piccirillo tells it, she boarded the bus, showed her employment badge to Diondre Rayford, the bus driver, and proceeded to her seat.  As she began to sit, the bus jolted, and Ms. Piccirillo missed her seat.  She fell to the floor and broke her ankle.

{¶3}    In her sole assignment of error, Ms. Piccirillo asserts that the trial court erred in granting summary judgment on her claims because Metro breached its duty "to exercise the highest degree of care for [her] safety * * * consistent with the practical operation of the system."  *See Dietrich v. The Community Traction Co.*, 1 Ohio St.2d 38, 41, 203 N.E.2d 344 (1964).

{¶4}    This is what the Ohio Supreme Court has identified as a "jerk case"— that is, a case in which a passenger falls as a result of a jerk or abrupt movement of a common carrier's vehicle.  *Yager v. Marshall*, 129 Ohio St. 584, 585, 196 N.E. 375 (1935).  In *Yager*, which involved a passenger who slipped while riding on a street car, the court held that the "mere occurrence of a jerk" was not sufficient to prove negligence.  *Id.* at paragraph one of the syllabus.  Rather, "to prove such negligence there must be evidence indicating a jerk unusual in some respect such as in its suddenness, force or violence."  *Id.* at paragraph two of the syllabus.

{¶5}    In explaining how she had fallen on the bus, Ms. Piccirillo claimed that "I [had gotten] jolted a little bit when I turned to sit down and I missed the seat." When asked whether there was anything different about the way the bus had pulled away from the stop, Ms. Piccirillo responded, "It wasn't unusual. I know the bus moved, and that's all I know." Despite her own statement that there was nothing unusual about the way the bus pulled away from the stop, Ms. Piccirillo claims that Mr. Rayford's deposition presented a question of fact. Mr. Rayford claimed that on the route that Ms. Piccirillo took, passengers are not normally jolted. But the driver's observation about the smoothness of the route was not relevant to whether the bus had moved unusually prior to Ms. Piccirillo's fall.

{¶6}    Ms. Piccirillo attempts to liken this case to *Cranon v. Toledo Area Regional Transit Auth.*, 6th Dist. No. L-87-191, 1988 Ohio App. LEXIS 815 (March 11, 1988), a case in which the plaintiff was injured when the bus driver suddenly slammed on the bus's brakes. *Id.* at *2. There, the Sixth Appellate District concluded that a fact issue remained about whether the bus driver had acted negligently by suddenly slamming on the brakes rather than starting to slow sooner. *Id.* at *4-5. Here, in contrast, no evidence was presented that the bus's movement was "unusual in some respect such as in its suddenness, force or violence." *See Yager* at paragraph two of the syllabus.

{¶7}    Further, no issue of fact was created by Ms. Piccirillo's testimony that there was some water—likely from snow that was on the ground that day—on the bus. As Ms. Piccirillo acknowledged, she could not have stepped in the water because it was located too close to a pole on the bus.

{¶8}     Summary judgment was properly entered on Ms. Piccirillo's claims. The sole assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.