[Cite as *Hughes v. SW Ohio Regional Transit Auth.*, 2024-Ohio-1048.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ANNA HUGHES, | : | APPEAL NO. C-230225 |
| | | TRIAL NO. A-2101004 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| SOUTHWEST OHIO REGIONAL TRANSIT AUTHORITY, d.b.a. METRO BUS, | : | |
| | : | |
| Defendant-Appellee, | : | |
| | | |
| and | : | |
| | | |
| OHIO DEPARTMENT OF MEDICAID, | : | |
| | | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 22, 2024

*Anna Hughes,* pro se,

*McCaslin, Imbus & McCaslin* and *Michael P. Cussen,* for Defendant-Appellee.

**CROUSE, Judge.**

{¶1} Plaintiff-appellant Anna Hughes appeals from the trial court's entry granting summary judgment to defendant-appellee the Southwest Ohio Regional Transit Authority ("SORTA") on Hughes's claim for negligence. In a single assignment of error, Hughes argues that the trial court's grant of summary judgment was in error. Finding her argument to be without merit, we affirm the trial court's judgment.

### I. Factual and Procedural Background

{¶2} On March 22, 2019, Hughes suffered injury while riding on a bus operated by SORTA. Hughes boarded the bus, paid her fare, and began to walk down the aisle. The bus, which was driven by Eric Howard, started to pull away from the curb before Hughes was seated. Almost immediately thereafter, Howard applied the brakes to avoid a collision with another vehicle. Hughes lost her balance and fell to the ground, suffering multiple injuries.

{¶3} Hughes filed a complaint against SORTA, as well as "John Does 1-10," asserting claims for negligence, respondeat superior, and negligent hiring, retention, training, and supervision. Service was never obtained on the Doe defendants. The complaint additionally named the Ohio Department of Medicaid as a defendant, asserting that it may have a right of subrogation.

{¶4} After deposing both Hughes and Howard, SORTA filed a motion for summary judgment. SORTA contended that, as a common carrier, it owed to its passengers the highest degree of care consistent with the practical operation of the bus, and that it was not responsible for injuries caused by jerks or jars that were necessarily incident to the proper operation of a vehicle. SORTA further contended that because Hughes was injured when Howard applied the brakes to avoid an

accident, which was an action consistent with the practical operation of the bus, Howard had not acted negligently and SORTA was not liable for Hughes's injuries.

{¶5} The motion for summary judgment was additionally supported by an affidavit from Mary Ann Keehan, a claims agent for SORTA. The affidavit stated that Keehan had obtained a recording from the bus's onboard video system depicting videos from the bus's various cameras at the time of Hughes's accident. The recording was filed along with the affidavit.

{¶6} Hughes opposed SORTA's motion for summary judgment. She contended that a question of fact existed concerning whether Howard breached the applicable duty of care by pulling away from the curb before she crossed the yellow safety line on the floor of the bus. She asserted that if she been able to move past the safety line, she would have been able to sit down or grab hold of a safety strap when Howard braked.

{¶7} In reply to Hughes's opposition, SORTA argued that Hughes failed to put forth any evidence of a breach of duty by SORTA. Specifically, SORTA contended that the videos from the bus's cameras showed that Hughes was past the yellow line when the bus driver pulled away from the curb. It further argued that this issue was irrelevant, as no applicable statute or regulation prohibited the bus from beginning to move while a passenger is in the aisleway.

{¶8} The trial court granted SORTA's motion for summary judgment. It found that Howard's sudden stop of the bus was necessary to avoid a collision, and that Hughes, who had not presented any evidence to rebut the necessity and reasonableness of the sudden stop, had not established a breach of the duty of care.

{¶9} Hughes now appeals.

## II. Summary Judgment

**{¶10}** In a single assignment of error, Hughes argues that the trial court's grant of summary judgment was in error. She contends, as she did before the trial court, that a genuine issue of material fact exists as to whether the applicable duty of care was breached when Howard pulled away from the curb before allowing her to walk past the yellow safety line on the aisle.

**{¶11}** We review a trial court's grant of summary judgment de novo. *Collett v. Sharkey*, 1st Dist. Hamilton No. C-200446, 2021-Ohio-2823, ¶ 8. "Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party." *Id.*, citing *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

**{¶12}** When a party moves for summary judgment on the ground that the nonmoving party cannot prove its case, the moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *see Ditech Fin., LLC v. Balimunkwe*, 1st Dist. Hamilton No. C-180445, 2019-Ohio-3806, ¶ 6. The moving party "must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." *Dresher* at 292-293. Such materials include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

**{¶13}** If the moving party satisfies this initial burden, "the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, including verified pleadings, but must 'set forth specific facts' by the means listed in the rule, showing that a triable issue of fact exists." *Ditech Fin.* at ¶ 6, citing *Dresher* at 293.

**{¶14}** To succeed on a negligence claim, a plaintiff must establish "the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, 138 N.E.3d 1121, ¶ 10. As a common carrier, SORTA owed Hughes a duty to "exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the system." *Dietrich v. The Community Traction Co.*, 1 Ohio St.2d 38, 41, 203 N.E.2d 344 (1964); *see Hopkins v. Greater Cleveland Regional Transit Auth.*, 2019-Ohio-2440, 139 N.E.3d 491, ¶ 13 (8th Dist.).

**{¶15}** Where, as in the case at bar, the stopping of a common carrier's vehicle is due to an " 'unusual, sudden, and violent jerk,' an inference of negligence arises." *Stowe v. Toledo Area Regional Transit Auth.*, 6th Dist. Lucas No. L-04-1307, 2005-Ohio-4431, ¶ 23, quoting *Stine v. Springfield City Lines, Inc.*, 106 Ohio App. 429, 431, 155 N.E.2d 245 (2d Dist.1958); *see Piccirillo v. S.W. Ohio Regional Transit Auth.*, 1st Dist. Hamilton No. C-120768, 2013-Ohio-2289, ¶ 4 (evidence that a jerk was unusual in its suddenness, force, or violence was necessary to prove negligence). However, proof that "such a stop was necessary to avoid some unexpected emergency for which the defendant was not responsible" can rebut this inference of negligence. *Stowe* at ¶ 23, quoting *Stine* at 431.

{¶16} In support of its motion for summary judgment, SORTA filed the deposition of Howard. Howard testified that, on the day in question, he "took off slowly" after Hughes paid her fare. He explained that while traveling in the right lane of the roadway, he was first cut off by a vehicle traveling in the opposite direction. That vehicle, which lacked the right of way, turned left in front of him. Almost immediately thereafter, he was cut off by a second vehicle driving in the left lane next to the bus and traveling in the same direction as the bus. The second vehicle cut off Howard and turned in front of him. Howard explained that he had to "brake hard" to avoid a collision with this vehicle. He stated that if he had not braked, he "would've hit him. I would've hit that person." Howard estimated that he was traveling approximately one to two m.p.h. at that time. After braking, Howard heard other passengers asking Hughes if she was all right. He looked back and saw Hughes on the floor of the bus.

{¶17} A video from the bus's onboard camera system was played during Howard's deposition. Howard identified on the video the vehicle that cut him off and required him to brake. The video, which was submitted in support of SORTA's motion for summary judgment, corroborates Howard's testimony. It first depicts the vehicle traveling in the opposite direction improperly turning left in front of Howard without a right of way. It then shows the second vehicle traveling in the same direction as Howard cut directly in front of Howard to turn right onto a cross street.

{¶18} Howard's deposition testimony also addressed Hughes's assertion that he pulled away from the curb before she crossed the yellow safety line on the floor of the bus. He stated that SORTA has no policy requiring a bus driver to refrain from driving until a passenger is behind that line. Rather, he stated the purpose of the line is to prevent passengers from approaching and distracting the driver. Howard

6

explained that in his normal operation of a bus, he will begin to slowly start moving as a passenger goes to sit down. However, if the passenger is an elderly person or is seemingly under the influence, he will wait for the passenger to sit before beginning to drive.

{¶19} SORTA met its initial burden of demonstrating the absence of a genuine issue of material fact. SORTA supported its argument that the applicable duty of care was not breached with the requisite Civ.R. 56(C) evidence, specifically Howard's deposition testimony that it was necessary to suddenly brake to avoid a collision, along with Keehan's affidavit and the videos from the bus's onboard recording system. *See Dresher*, 75 Ohio St.3d at 292-293, 662 N.E.2d 264; *Ditech Fin., LLC*, 1st Dist. Hamilton No. C-180445, 2019-Ohio-3806, at ¶ 6.

{¶20} Hughes has not satisfied her reciprocal burden of setting forth specific facts establishing that a triable issue of fact exists. *See Ditech Fin., LLC*, at ¶ 6, citing *Dresher* at 293. Hughes introduced no evidence and made no argument that it was not necessary for Howard to brake to avoid a collision. Rather, she contends that the applicable duty of care was breached when Howard began to drive the bus before she moved beyond the yellow safety line. Howard's testimony established that SORTA has no regulation prohibiting movement of the vehicle until the safety line is cleared by a passenger, and Hughes presented no evidence to the contrary. Even if there were evidence that Howard had a duty to wait for Hughes to cross the yellow line, the evidence in the record, including Hughes's deposition testimony, failed to establish that she had not cleared this line at the time of her fall.

{¶21} Hughes has provided no case law or other authority in support of her argument that a bus cannot begin moving until a passenger is beyond a safety line on

the floor of the bus. In fact, relevant case law establishes that a common carrier's liability for negligence depends on the type and necessity of the sudden movement and not whether a passenger was past the safety line or seated when the bus began to move. *See Yager v. Marshall*, 129 Ohio St. 584, 196 N.E. 375 (1935) (where there was no evidence that a jerk was unusual in suddenness, force, or violence, the defendant street car operator was entitled to a directed verdict on a negligence claim asserting that plaintiff fell as a result of the street car jerking after she paid her fare and turned to get to a seat); *Moore v. W. Res. Transit Auth*., 7th Dist. Mahoning No. 05 MA 42, 2005-Ohio-6794, (where plaintiff passenger fell after the bus began to move before she reached her seat, defendant was entitled to summary judgment because there was no evidence that the bus jerked in an unusual way).

{**¶22**} *Stowe*, 6th Dist. Lucas No. L-04-1307, 2005-Ohio-4431, is instructive. The plaintiff in *Stowe* was injured when the bus on which he was riding suddenly stopped and he was thrown from his seat. *Id*. at ¶ 3-4. Plaintiff filed a complaint alleging negligence against the transit authority, which moved for summary judgment, arguing that it was not liable because the sudden stop was necessary to avoid a collision and because there was no evidence that the driver was negligent. *Id*. at ¶ 7-8. The trial court granted the motion for summary judgment, and the appellate court affirmed. After citing the applicable duty of care for a common carrier and the law with respect to "unusual, sudden, and violent jerk[s]," the appellate court stated:

> As applied to the present case, TARTA rebutted any inference of negligence by showing that [the bus driver] was required to stop abruptly because an automobile cut in front of the bus and made a right turn. Appellant's deposition testimony and affidavit were insufficient to

create a genuine issue of material fact on the question of whether [the bus driver] was required to make that emergency stop. In particular, appellant's testimony, when viewed in its entirety, does not create a question of material fact on the issue of whether a car cut in front of the TARTA bus. Thus, appellant failed to offer proof showing negligent conduct, and the trial court did not err in granting summary judgment to TARTA as a matter of law. Appellant's sole assignment of error is found not well-taken.

*Id.* at ¶ 24.

{¶23} SORTA, as TARTA did in *Stowe*, established that Howard's sudden application of the brake was necessary to avoid a collision with a vehicle that cut in front of the bus. Hughes failed to offer any counter evidence creating a genuine issue of material fact and establishing that such application of the brake was not necessary. We accordingly hold that no genuine issue of material fact exists as to whether SORTA breached the applicable duty of care by failing to "exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the system." *See Dietrich*, 1 Ohio St.2d at 41, 203 N.E.2d 344. The trial court did not err in granting summary judgment to SORTA.

{¶24} Hughes's assignment of error is overruled, and the judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

9

The court has recorded its entry on the date of the release of this opinion.